**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROSE FREED,

    Plaintiff-Appellant,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF COLORADO,
acting in their official capacity,

    Defendant-Appellee.

No. 98-1328
(District of Colorado)
(D.C. No. 97-WY-2572-AJ)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BALDOCK,** and **MURPHY**, Circuit Judges.

    Plaintiff-appellant Rose Freed ("Freed") alleged violations of the

Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. § 12101-12213. Freed

appeals the district court's Order Granting Defendant's Motion to Dismiss

Plaintiff's Complaint. This court exercises jurisdiction pursuant to 28 U.S.C. §

1291 and **affirms**.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The parties on appeal are Freed and defendant-appellee the Board of Regents of the University of Colorado, acting in its official capacity ("Defendant"). Freed was and remains employed as a Housekeeping Supervisor One at the University of Colorado ("CU"). After Freed suffered an on-the-job knee injury on July 24, 1993, her physician permanently restricted Freed's stair climbing, kneeling, and squatting. On July 31, 1994, Freed injured her back in an off-the-job accident. This injury left her unable to work until October 16, 1994, when her treating physician released her to work four hours per day. After returning to work, Freed told her supervisors she could not complete all the work assigned to her and stay within her medical restrictions. On October 21, 1994, she repeated her complaints to her immediate supervisor John Clark, at which time Clark sent her home.

Freed was placed on leave without pay status. She used all of her vacation and sick leave benefits, and received no pay from CU after January 2, 1995. Freed consulted an attorney the same month, and her attorney began negotiations with CU for Freed's return to work and reasonable accommodations for her injuries. On July 3, 1995, CU granted Freed certain accommodations and she was reinstated to full-time status.

After Freed returned to work, her attorney continued negotiations with CU for back pay for the time Freed did not work. On October 13, 1995, CU sent a

letter to Freed's attorney offering some, but not full, back pay. Freed filed a complaint with the Equal Employment Opportunity Commission (EEOC) on February 5, 1996. [1] The EEOC eventually issued Freed a right to sue letter, and this action was filed on December 9, 1997. Freed filed a complaint seeking wages and benefits for the period October 21, 1994, through July 3, 1995.

Defendant moved to dismiss Freed's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Freed did not timely file her EEOC charge. Under Title VII of the Civil Rights Act of 1964, which is applicable to ADA actions, a lawsuit alleging discrimination must be based on discriminatory actions which occurred within 300 days of the filing of an EEOC charge. *See* 42 U.S.C. §§ 12117(a), 2000e-5(e). [2]

Using either the date Freed was sent home from work, October 21, 1994, or the date she stopped receiving money from CU, January 2, 1995, Defendants argued her February 5, 1996, EEOC charge was untimely. Freed argued that she did not receive "official" notice of Defendant's discriminatory action until October 13, 1995, when CU sent her attorney a letter denying her full back pay.

---

[1] The EEOC referred the matter to the Colorado Civil Rights Commission for investigation, which in turn deferred its investigation to the State Personnel Board grievance process. Freed lost this grievance.

[2] The 300 day limitation applies in states, like Colorado, which have statutorily prohibited discrimination; in other states the time limit is 180 days. *See* 42 U.S.C. § 2000e-5(e). *See also Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1414 n.4 (10th Cir. 1993).

Using the October 1995 date, Freed's EEOC complaint would fall within the 300 day limit.   Freed argued in the alternative that CU's refusal to grant her reasonable accommodations for eight months was an ongoing violation of the ADA, entitling her to a tolling of the 300 day limit.   [3]

The district court agreed with Defendant that Freed's EEOC charge was not filed within 300 days of the alleged discrimination.  The district court's order noted that under controlling Supreme Court precedent, the trigger of the limitations period is the date the employee is notified of the alleged discrimination.   *See Delaware State College v. Ricks*  , 449 U.S. 250, 258 (1980). The beginning date does not change, even if the effects of the discrimination become more painful at a later date.   *See id* .  In this case, the district court reasoned Freed was on notice of CU's alleged discriminatory act, that her leave was without pay, at the latest by January 2, 1995.  Although Freed and CU negotiated over back pay until October 13, 1995, the district court noted that the

---

[3]Freed also argued below that if any of the alleged discriminatory acts occurred within the tolling period, the court has power to grant back pay for two years prior to the date of filing with the EEOC. *See Estate of Pitre v. Western Elec. Co.,* 975 F.2d 700, 704-06. (10th Cir. 1992).  While *Estate of Pitre* does distinguish between the tolling period and a court's power to award back pay for two years, this distinction does not eliminate the requirement that at least one discriminatory act occur within the tolling period, a showing which had "clearly been made" in that case. *Id*. at 702.  Moreover, Freed did not raise this argument on appeal, and thus the issue is waived. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

possibility of reversal of an adverse employment decision through a grievance process or other administrative avenue does not toll the running of the filing period. *See id*. at 261.

The district court also rejected Freed's claim of a continuing violation, noting there was no factual basis to toll the running of the limitations period. Freed did not clearly articulate her continuing violation theory below, but alleged that CU's failure to grant her a reasonable accommodation constituted "ongoing disability discrimination." The district court cited controlling precedent, which states that it is not sufficient under the continuing violations theory to allege that acts outside the filing time limit had a continuing effect within the time allowed for suit. *See Masheroni v. Board of Regents of the Univ. of Cal.*, 28 F.3d 1554, 1561-62 (10th Cir. 1994); *Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1415 (10th Cir. 1993). *See also Ricks*, 449 U.S. at 503-04.

The district court also analyzed Freed's argument under the equitable tolling doctrine, under which a plaintiff must allege active deception by her employer regarding procedural prerequisites for filing suit. *See Masheroni*, 28 F.3d at 1562. Freed's attempt to invoke the doctrine on appeal simply realleges that CU did not finalize its decision regarding back pay until October 1995. As the district court stated, the active deception requirement requires more than acts

which give rise to a false hope that a problem will be resolved internally. *See id* . at 1563. Thus Freed's claim fails under this doctrine as well.

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) must be granted when it appears that the plaintiff can prove no set of facts in support of her claim(s) which would entitle her to relief. *See Yoder v. Honeywell, Inc.* , 104 F.3d 1215, 1224 (10th Cir. 1997). This court reviews *de novo* the district court's decision to dismiss under Rule 12(b)(6). *See Ordinance 59 Ass'n v. United States Dep't of the Interior Secretary* , 163 F.3d 1150, 1152 (10th Cir. 1998). Upon examining the issues raised in the parties' briefs and other submissions in the record, and after examining the district court's order, this court **AFFIRMS** the dismissal of Freed's complaint for substantially the reasons stated in the district court order.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge